**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARLAND E. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1663** |
| **STATE OF KANSAS, DEPARTMENT OF SOCIAL AND REHABILITATION SERVICE, ET AL.** | **SECTION C(5)** |

**ORDER**

IT IS ORDERED that plaintiff's motion for a writ of mandamus is DENIED. Rec. Doc. 5. From what the Court is able to discern, plaintiff seeks a writ of mandamus to remove restrictions from his driver's license and a stay of an order presumably issued by one or more of the defendants. "Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law . . . ." *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275 (5th Cir. 1973) (citing 28 U.S.C. § 1651). Before a writ of mandamus may issue, the party requesting it must demonstrate (1) that there is no other adequate means to attain the desire relief, (2) that entitlement to issuance of the writ is clear and indisputable, and (3) that issuance is appropriate under the circumstances. *In re Allen*, 701 F.3d 734, 735 (5th Cir. 2012). Plaintiff has not shown that issuance of the writ is necessary or appropriate in the aid of this court's jurisdiction, that he lacks other means to achieve the relief requested, that he is clearly or indisputably entitled to have the writ issue for this purpose, or that issuance is appropriate under the circumstances. Accordingly, this request is DENIED.

New Orleans, Louisiana, this 13th day of August 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE