UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARLAND E. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-CV-01663** |
| **KANSAS STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICE, ET AL.** | **SECTION: "C"** |

## ORDER AND REASONS

Before this Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) by defendants State of Louisiana and 22nd Judicial District Court. The motion is before the Court on the briefs without oral argument.

Having considered the record, the memoranda of counsel, and the law, this Court has determined that it will grant the motion for the following reasons.

## I.  BACKGROUND

On July 18, 2014, Garland E. Williams, a resident of Louisiana, filed suit against the State of Kansas Department of Social and Rehabilitation Service, the State of Kansas, Shawnee County 3rd District Court, Internal Revenue Service, as well as the State of Louisiana and the 22nd Judicial District Court.  Rec. Doc. 1.  Mr. Garland filed an amended complaint on July 30, 2014.  Rec. Doc. 7.

The claims in Mr. Garland's amended complaint are difficult for the Court to discern. However, it appears Mr. Garland is seeking relief from the enforcement of child support orders entered by state courts in Kansas and Louisiana.  He asserts such orders are fraudulent and

violate his constitutional rights. Mr. Garland cites to Article III, Sections 1 and 2, Amendment VII, and Amendment XIV, Section 1, of the U.S. Constitution, as well as various Kansas and Louisiana family law statutes. *See* Rec. Doc. 7. Mr. Garland seeks compensatory and punitive monetary damages in the amount of $1,000,000,000,000. *Id.* at 7.

On August 29, 2014, defendants State of Louisiana and 22nd Judicial District Court filed this motion to dismiss Mr. Garland's claims against them for lack of jurisdiction and failure to state a claim upon which relief can be granted. Rec. Doc. 14-1. Mr. Garland did not file an opposition to this motion to dismiss.

## II. LAW AND ANALYSIS

As a threshold matter, this Court interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

Because Mr. Garland makes claims against Kansas and Louisiana based on constitutional grounds and asks for monetary compensation, he seems to seek relief under 42 U.S.C. § 1983. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The Fifth Circuit has held:

> To state a claim under § 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

*Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999) (internal quotation marks omitted). Without reaching whether Mr. Garland has met this burden, his claims against the State of

Louisiana and the 22nd Judicial District Court must nonetheless be dismissed for the following reasons.

The defendants aver that the Court lacks subject matter jurisdiction to hear claims against them because they are entitled to sovereign immunity. Rec. Doc. 14-1 at 2.

**A. State of Louisiana**

The State of Louisiana puts forth two arguments for dismissal. First, it asserts that states are not "persons" subject to suit under § 1983. Rec. Doc. 14-1 at 3. The Court agrees. In *Will v. Mich. Dep't of State Police*, the United States Supreme Court , 491 U.S. 58, 64 (1989) ("[W]e reaffirm today . . . that a State is not a person within the meaning of § 1983."); *see also Fairley v. Stadler*, 294 F. App'x 805, 808-09 (5th Cir. 2008) (holding § 1983 claims against a state official acting in his official capacity were properly dismissed because neither a state nor its officials acting in official capacities are "persons" for § 1983).

Second, the Eleventh Amendment to the U.S. Constitution restricts the authority of federal courts to hear suits against a state brought by its own citizens.  Unless a state waives its immunity under the Eleventh Amendment, a state's citizens are barred from filing suit for either monetary damages or injunctive relief against it or its agencies in federal court.  *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F. 3d 273, 280 (5th Cir. 2002).

By statute, Louisiana has not waived its immunity under the Eleventh Amendment regarding suits in federal court.  *Id.* at 281 (citing LA. REV. STAT. ANN. § 13:5106(A) (2010) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.")).

The Fifth Circuit also notes that "Congress may only abrogate a state's Eleventh Amendment immunity by 'unequivocally' expressing its intent to do so and by acting 'pursuant

to a valid exercise of power.'" *Id.* (citing *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999)).  In terms of § 1983 claims, "Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.'" *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

As Louisiana has not waived its Eleventh Amendment immunity and Congress has not abrogated state Eleventh Amendment immunity under § 1983, Mr. Garland may not properly name the State of Louisiana as a defendant in federal court.  This Court lacks subject matter jurisdiction over Mr. Garland's claims against the State of Louisiana.

For these reasons, the claims against the State of Louisiana are DISMISSED.

**B.  22nd Judicial District Court**

The 22nd Judicial District Court asserts that (1) it lacks capacity to be sued and (2) sovereign immunity prevents Mr. Garland's claims against it in this Court.  This Court finds that the 22nd Judicial District Court lacks the capacity to be sued. As a result, this Court need not reach the sovereign immunity issue with respect to the 22nd Judicial District Court.

§ 1983 imposes liability on any "person" who violates another's constitutional rights.  42 U.S.C. § 1983.  Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana state law governs whether a state district court has the capacity to be sued.  *See* Fed. R. Civ. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . .").

Under Louisiana law, an entity must qualify as a "juridical person" to possess the capacity to be sued.  *Griffith v. Louisiana*, 808 F.Supp.2d 926, 933 (E.D. La. 2011) (Berrigan, J.) (noting *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3 Cir. 2000)).  A juridical person is "an entity to which the law attributes personality."  La. Civ. Code. Ann. art. 24.

In *Roberts v. Sewerage & Water Bd. Of New Orleans*, the Louisiana Supreme Court set forth a framework to analyze whether an entity qualifies as a juridical person. 634 So.2d 341, 346-47 (La 1994). Under the *Roberts* analysis, the inquiry is "whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue." *Id.* Where the entity can be appropriately viewed as distinct from other government entities and there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity. *Id.*; *see also Green v. Dist. Attorney Office*, No. 08–3685, 2009 WL 651132, at *4 (E.D. La Mar. 10, 2009) (citing *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 613–616 (La. App. 3rd Cir. 1994), writ denied, 650 So. 2d 244 (La.1995)).

Louisiana's state courts are created by the Louisiana Constitution as component parts of a unified state system for the exercise of the state's judicial power. *Id.* at *5 (citing LA. CONST., art. 5 §§ 1, 16). Thus, the 22nd Judicial District Court is not a separate entity, but rather a part of the state government's judicial branch. *Id.* Further, no law, constitutional, statutory, or otherwise, confers upon the 22nd Judicial District Court the authority to sue or be sued. *See Griffith,* 808 F.Supp.2d at 934 (citations omitted).

Accordingly, in applying the *Roberts* framework, this court continues to hold that Louisiana state courts are not juridical persons capable of being sued. *See, e.g., id.* at 933-34 (holding Orleans Parish Juvenile Court lacks capacity and is not a juridical person); *Rutherford v. Louisiana*, No. 10–1987, 2011 WL 692031, at *5 (E.D. La. Feb. 17, 2011) (Africk, J.) (finding that the 21st Judicial District of the State of Louisiana is not a juridical person); *Ormond v. Louisiana*, No. 09–7202, 2009 WL 6419040, at *2 (E.D. La. Dec. 22, 2009) (Louisiana Fifth Circuit Court of Appeals is not a juridical person); and *Green*, No. 08–3685, 2009 WL 651132, at *5 (Division J of the Orleans Parish Criminal District Court is not a juridical person). Therefore, Mr. Garland's action cannot be maintained against the 22nd Judicial District Court.

For these reasons, the claims against the 22nd Judicial District Court are DISMISSED.

### C. Additional Grounds for Dismissal Asserted by Defendants

The State of Louisiana and 22nd Judicial District Court also assert that Mr. Garland's claims against them are further prevented by the *Rooker-Feldman* doctrine and prescription. Rec. Doc. 14-1 at 6-8.

As this Court agrees that the claims against the State of Louisiana and 22nd Judicial District Court must be dismissed on the aforementioned grounds, this Court need not weigh in on the application of the *Rooker-Feldman* doctrine or whether Mr. Garland's claims have prescribed.

### III.  Conclusion

Accordingly,

IT IS ORDERED that defendants State of Louisiana and 22nd Judicial District Court's Motion to Dismiss is GRANTED.  Plaintiff's claims against defendants State of Louisiana and 22nd Judicial District Court are hereby DISMISSED with prejudice.

New Orleans, Louisiana this 10th day of November, 2014.

**HELEN G BERRIGAN**
**UNITED STATES DISTRICT JUDGE**