UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARLAND E. WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 14-CV-01663 |
| KANSAS STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICE, ET AL. | SECTION: "C" |

## ORDER AND REASONS

Before the Court are Motions to Dismiss pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure by defendants State of Kansas, 3rd Judicial Shawnee County District Court ("Shawnee County District Court"), and Kansas Department for Children and Families (f/k/a Kansas Department for Social and Rehabilitation Services).  Rec. Doc. 37-1; Rec. Doc. 40-1.  The motions are before the Court on the briefs without oral argument.

Having considered the record, the memoranda of counsel, and the law, the Court has determined that it will grant defendants State of Kansas, Shawnee County District Court, and Kansas Department for Children and Families' Motions to Dismiss for the following reasons.

## I.  BACKGROUND

On July 18, 2014, Garland E. Williams, a resident of Louisiana, filed suit against the State of Kansas Department of Social and Rehabilitation Service, the State of Kansas, the Shawnee County 3rd District Court, the Internal Revenue Service, as well as the State of

1

Louisiana and the 22nd Judicial District Court.  Rec. Doc. 1.  Mr. Garland filed an amended complaint on July 30, 2014.  Rec. Doc. 7.

The Court understands from his complaint that claims Mr. Garland is seeking relief from the enforcement of child support orders entered by state courts in Kansas and Louisiana.  He asserts such orders are fraudulent and violate his constitutional rights.  Mr. Garland cites to Article III, Sections 1 and 2, Amendment VII, and Amendment XIV, Section 1, of the U.S. Constitution, as well as various Kansas and Louisiana family law statutes.  *See* Rec. Doc. 7.  Mr. Garland seeks compensatory and punitive monetary damages in the amount of $1,000,000,000,000.  *Id.* at 7.

The Court previously dismissed Mr. Garland's claims against the State of Louisiana and the 22nd Judicial District Court.  Rec. Doc. 26.

On December 31, 2014, defendants State of Kansas and Shawnee County District Court filed a motion to dismiss Mr. Garland's claims against them for lack of jurisdiction and failure to state a claim upon which relief can be granted.  Rec. Doc. 37-1.  Likewise, on January, 8 2015, defendant Kansas Department for Children and Families filed a motion to dismiss Mr. Garland's claims for lack of jurisdiction and failure to state a claim upon which relief can be granted.  Rec. Doc. 40-1.

Mr. Garland filed an opposition to the State of Kansas and the Shawnee County District Court's motion to dismiss.  Rec. Doc. 49.  Mr. Garland filed an opposition to the Kansas Department for Children and Families' motion, but it was stricken from the record for failure to remedy deficiency.  Rec. Doc.43.

## II.  STANDARD

A motion to dismiss under 12(b)(1) may be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where the moving party attacks the factual basis for subject matter jurisdiction, the district court may go beyond the allegations of the complaint to consider undisputed facts in the record and resolve disputes of fact created by the record.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The burden lies with the party invoking jurisdiction of the court.  *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level.  *Twombly*, 550 U.S. at 555-56.  Facts from which the court could infer the mere possibility of liability will not suffice.  *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).  *A fortieri*, a complaint may be dismissed when it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to prevail.  *Twombly*, 550 U.S. at 560-61.

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions

are contradicted by facts disclosed by document appended to complaint." *Associated Builders v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

## III. LAW AND ANALYSIS

As a threshold matter, the Court interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

Because Mr. Garland makes claims of constitutional rights violations against Kansas and Louisiana and asks for monetary compensation, he seems to seek relief under 42 U.S.C. § 1983. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The Fifth Circuit has held:

> To state a claim under § 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

*Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999) (internal quotation marks omitted). Without reaching whether Mr. Garland has met this burden, his claims against the State of Kansas, Shawnee County District Court, and Kansas Department for Children and Families must nonetheless be dismissed for the following reasons.

### A. State of Kansas

The State of Kansas asserts that (1) states are not "persons" subject to suit under § 1983 and (2) sovereign immunity prevents Mr. Garland's suit against it in this Court. Rec. Doc. 37-1 at 2. The Court agrees.

First, states are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[W]e reaffirm today . . . that a State is not a person within the meaning of § 1983."); *see also Fairley v. Stadler*, 294 F. App'x 805, 808-09 (5th Cir. 2008) (holding § 1983 claims against a state official acting in his official capacity were properly dismissed because neither a state nor its officials acting in official capacities are "persons" for § 1983).

Second, the Eleventh Amendment to the U.S. Constitution restricts the authority of federal courts to hear suits against a state brought by its own citizens. Unless a state waives its immunity under the Eleventh Amendment, a state's citizens are barred from filing suit for either monetary damages or injunctive relief against it or its agencies in federal court. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F. 3d 273, 280 (5th Cir. 2002). By statute, Kansas has not waived its immunity under the Eleventh Amendment regarding suits in federal court. *See* Kansas Tort Claims Act, KAN. STAT. ANN. §§ 75-6101 - 75-6115 (2014); *Ndefru v. Kansas State University*, 814 F. Supp. 54, 56 (D. Kan. 1993).

The Fifth Circuit also notes that "Congress may only abrogate a state's Eleventh Amendment immunity by 'unequivocally' expressing its intent to do so and by acting 'pursuant to a valid exercise of power.'" *Cozzo*, 279 F. 3d at 281 (citing *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999)). In terms of § 1983 claims, "Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.'" *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

As Kansas has not waived its Eleventh Amendment immunity and Congress has not abrogated state Eleventh Amendment immunity under § 1983, Mr. Garland may not properly

name the State of Kansas as a defendant in federal court. The Court therefore lacks subject matter jurisdiction over Mr. Garland's claims against the State of Kansas.

For these reasons, the claims against the State of Kansas are DISMISSED.

### B. Shawnee County District Court

The Shawnee County District Court asserts (1) it lacks capacity to be sued and (2) sovereign immunity prevents Mr. Garland's claims against it in this Court. Rec. Doc. 37-1 at 2-3. The Court agrees that the Shawnee County District Court lacks the capacity to be sued. As a result, the Court declines to reach the sovereign immunity issue with respect to the Shawnee County District Court.

§ 1983 imposes liability on any "person" who violates another's constitutional rights. 42 U.S.C. § 1983. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, whether a party has the capacity to be sued in federal court is determined by state law. *See* FED. R. CIV. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . .").

Under Louisiana law, an entity must qualify as a "juridical person" to possess the capacity to be sued. *Griffith v. Louisiana*, 808 F.Supp.2d 926, 933 (E.D. La. 2011) (Berrigan, J.) (noting *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3 Cir. 2000)). A juridical person is "an entity to which the law attributes personality." LA. CIV. CODE. ANN. art. 24.

In *Roberts v. Sewerage & Water Bd. Of New Orleans*, the Louisiana Supreme Court set forth a framework to analyze whether an entity qualifies as a juridical person. 634 So.2d 341, 346-47 (La. 1994). Under the *Roberts* analysis, the inquiry is "whether the entity can appropriately be regarded as an additional and separate government unit for the particular

purpose at issue." *Id.* Where the entity cannot be appropriately viewed as distinct from other government entities and there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity. *Id.*; *see also Green v. Dist. Attorney Office*, No. 08–3685, 2009 WL 651132, at *4 (E.D. La Mar. 10, 2009) (citing *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 613–616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La.1995)).

Kansas state courts were created by the Kansas Constitution as component parts of a unified state system for the exercise of the state's judicial power. KA. CONST., art. 3 §§ 1, 6. Thus, the Shawnee County District Court is not a separate entity, but rather a part of the state government's judicial branch. *Id.* Further, no law, constitutional, statutory, or otherwise, confers upon the Shawnee County District Court the capacity to sue or be sued. *See Frank v. Bush*, No. 09-4161 RDR, 2010 WL 1408405, at *6 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745, 746-47 (10th Cir. 2010) (the Sumner County District Court/Kansas 13th Judicial District does not have the capacity to sue or be sued). Accordingly, Mr. Garland's action cannot be maintained against the Shawnee County District Court.

For these reasons, the claims against the Shawnee County District Court are DISMISSED.

### C. Kansas Department for Children and Families

Similarly, the Kansas Department for Children and Families, formerly the Kansas Department for Social and Rehabilitation Services, asserts (1) it lacks capacity to be sued and (2) sovereign immunity prevents Mr. Garland's claims against it in this Court. Rec. Doc. 40-1 at 3-4. The Court finds that the Kansas Department for Children and Families lacks the capacity to be sued and the Court declines to reach the sovereign immunity issue.

As discussed above, a juridical person is "an entity to which the law attributes personality." LA. CIV. CODE. ANN. art. 24. Once again, the Court looks to the *Roberts* inquiry as to "whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue." *Roberts*, 634 So.2d at 346-47. Where the entity cannot be appropriately viewed as distinct from other government entities and there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity. *Id.*; *see also Green*, No. 08–3685, 2009 WL 651132, at *4.

The Kansas Department for Children and Families was created pursuant to the Kansas Constitution as a component part of a unified state system for the exercise of the state's executive power. *See* KA. CONST., art. 1 § 6. The Kansas Department for Children and Families, like its predecessor the Kansas Department of Rehabilitation Services, is a cabinet level state agency. KAN. STAT. ANN. §§ 39-1902, 75-5301. The agency provides children and adult protection services, adoption services, foster care support, child support services, welfare and food assistance programs, as well as services dedicated to vocational rehabilitation, among others. Thus, the Kansas Department for Children and Families is not a separate entity, but rather a part of the state government's executive branch. *Id*. Further, no law, constitutional, statutory, or otherwise, confers upon the Kansas Department for Children and Families the capacity to sue or be sued. *See Frank*, No. 09-4161 RDR, 2010 WL 1408405, at *6, *aff'd*, 391 F. App'x at 746-47 (Kansas Division of Water Resources does not have the capacity to sue or be sued). Accordingly, Mr. Garland's action cannot be maintained against the Kansas Department for Children and Families.

For these reasons, the claims against the Kansas Department for Children and Families are DISMISSED.

       **i.    Additional Grounds for Dismissal Asserted by Kansas Department for Children and Families**

The Kansas Department for Children and Families also asserts that Mr. Garland's claims against them are further prevented by the *Rooker-Feldman* doctrine. Rec. Doc. 40-1 at 2-3.

As the court agrees that the claims against the Kansas Department for Children and Families must be dismissed on the aforementioned grounds, the Court need not weigh in on the application of the *Rooker-Feldman* doctrine.

## IV. Conclusion

Accordingly,

IT IS ORDERED that defendants State of Kansas, Shawnee County District Court, and Kansas Department for Children and Families' Motions to Dismiss are GRANTED. Plaintiff's claims against defendants State of Kansas, Shawnee County District Court, and Kansas Department for Children and Families are hereby DISMISSED with prejudice.

New Orleans, Louisiana this 19th day of March, 2015.

                                                            HELEN G. BERRIGAN
                                                            UNITED STATES DISTRICT JUDGE